XIANG QI LI, Petitioner,

v.

Michael B. MUKASEY,[1] Attorney General, Respondent.

No. 07–2010–ag.

United States Court of Appeals, Second Circuit.

Jan. 8, 2008.

mer Attorney General Alberto R. Gonzales as a respondent in this case.

Steven A. Mundie, Baron, Mundie & Shelkin, P.C., New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Cindy S. Ferrier, Senior Litigation Counsel; Matt A. Crapo, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, for Respondent.

Present: DENNIS JACOBS, Chief Judge, CHESTER J. STRAUB and DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigra-

tion Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DE-CREED that the petition for review is DENIED.

Petitioner Xiang Qi Li, a native and citizen of the People's Republic of China, seeks review of an April 11, 2007 order of the BIA affirming the August 22, 2005 decision of Immigration Judge ("IJ") Robert D. Weisel denying Li's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiang Qi Li,* No. A 97 917 475 (B.I.A. Apr. 11, 2007), *aff'g* No. A 97 917 475 (Immig. Ct. N.Y. City Aug. 22, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005). We review de novo questions of law and the application of law to undisputed facts. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

■ In *Shi Liang Lin,* this Court concluded that the statutory scheme under IIRIRA § 601(a) "unambiguously dictates that applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer." 494 F.3d at 308. Thus, Li was not automatically entitled to asylum based solely on his wife's forced abortion, regardless of their marital status. *Id.* at 309.

■ Moreover, Li has arguably waived any challenge to the BIA's conclusion that he failed to show past persecution insofar as his claims were based on his alleged "other resistance" to a coercive population control program. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). In asserting that he took various measures in order for him and his wife to evade the family planning officials and the forced abortion, Li argues that he demonstrated "other resistance." However, Li fails to articulate the manner in which he suffered past persecution on account of such resistance.

■ Even assuming that Li's conduct constituted "other resistance" to a coercive population control program and that he adequately challenged the BIA's conclusion that he had not demonstrated past persecution on the basis of such resistance, such a challenge is unavailing. The IJ and BIA accurately noted that Li was fined 5,000 RMB and threatened with incarceration if he did not pay the fine, but that Li ultimately paid the amount owed. The IJ also noted that Li had been fired from his job. The harm described by Li with respect to the fine, without further explanation as to the economic impact of the fine, did not amount to persecution. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006) (holding that to constitute persecution, the harm must rise above "mere harassment"). In *Matter of T–Z–,* the BIA indicated that the threat of economic harm might, in some instances, amount to persecution. 24 I. & N. Dec. 163, 169 (BIA 2007). Here, however, the Government correctly asserts that Li

failed to raise any arguments concerning economic persecution before the BIA. Thus, we decline to review that issue. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 121–22, 124 (2d Cir.2007) (holding that issue exhaustion is mandatory, even if not a jurisdictional requirement). Under these circumstances, substantial evidence in the record supports the agency's finding that Li failed to establish that he had been persecuted. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang,* 386 F.3d at 73 & n. 7.

■ Because Li failed to establish that he had been subjected to past persecution, there was no presumption of any likelihood that he would be subjected to future persecution in China. *See* 8 C.F.R. § 1208.13(b)(1). Furthermore, he has failed to meaningfully argue in his brief that he demonstrated a "reasonable possibility" of persecution. We therefore decline to review that issue. *Yueqing Zhang,* 426 F.3d at 541 n. 1, 545 n. 7. Because Li was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on his claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

■ Finally, because Li fails to challenge the denial of his application for relief under the CAT in his brief to this Court, we deem that claim waived. *See Yueqing Zhang,* 426 F.3d at 541 n. 1, 545 n. 7.

For the foregoing reasons, the petition for review is DENIED.